[Civil No. 899.   Filed January 9, 1906.]

[84 Pac. 88.]

## CALIFORNIA DEVELOPMENT COMPANY, a Corporation, Defendant and Appellant, v. YUMA VALLEY UNION LAND AND WATER COMPANY, a Corporation, Plaintiff and Appellee.

1. APPEAL AND ERROR—TRIAL BY COURT—EVIDENCE—ADMISSION OF—PRESUMPTION—UNITED STATES v. MARKS, 5 ARIZ. 405, 52 PAC. 773, FOLLOWED.—Where a case is tried by the court, unless it should otherwise affirmatively appear, it will be presumed that such of the answers of the witnesses as may have been incompetent were disregarded by the court.

2. SAME—FINDINGS OF FACT—BASED ON CONFLICTING EVIDENCE—WILL NOT BE DISTURBED ON APPEAL.—Findings of fact based on conflicting evidence will not be disturbed on appeal.

3. PRINCIPAL AND AGENT—POWERS—APPARENT—LIMITATIONS ON—NOT BINDING UNLESS DISCLOSED.—Where an agent had authority to lease a dredge for a corporation, an instruction to him not to receive it unless it was insured, was a limitation of his apparent power not binding upon the lessor, being undisclosed.

4. SAME — DECLARATIONS — NOT IMPORTING WANT OF AUTHORITY.—A mere statement by an agent of a corporation authorized to lease a dredge, that he would not accept it unless insured, does not import a want of authority to accept such uninsured dredge.

5. DAMAGES—EVIDENCE—VALUE OF MACHINERY—NOT HAVING FIXED MARKET VALUE.—In determining the value of a dredge, being of

the class of property without a fixed market value, recourse may be had to its cost, utility, and use, and also to the opinions of witnesses who may possess such information as may give their opinions weight.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yuma. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Edwin A. Meserve, and Paul H. McPherrin, for Appellant.

The evidence of Mr. Ingraham, attorney and witness for plaintiff, and Mr. Sexsmith clearly and beyond all doubt shows that Mr. Sexsmith was acting under special instructions communicated to the plaintiff's officers, and that he had no authority whatever to contract to hire or to receive the barge until it had been first insured. Sexsmith was a mere foreman of the defendant corporation, without authority to sign its name to contracts or to bind it in any manner, except in the direct line of his employment.

An agent's authority cannot be shown by his own declarations. *Rawson* v. *Curtiss*, 19 Ill. 456; *Stringham* v. *St. Nicholas Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Fulton* v. *Lydecker*, 46 N. Y. 296, 19 N. Y. Supp. 374; *Fullerton* v. *McLaughlin*, 70 Hun, 568, 24 N. Y. Supp. 280; *Sier* v. *Bache*, 7 Misc. 165, 27 N. Y. Supp. 255; *Duffus* v. *Schwinger*, 79 Hun, 541, 29 N. Y. Supp. 930; *Fleming* v. *Ryan*, 9 Misc. 496, 30 N. Y. Supp. 224; *Plano Mfg. Co.* v. *Root*, 3 N. Dak. 165, 54 N. W. 924; *Whiting* v. *Lake*, 91 Pa. St. 349.

The authority of an agent to act for his principal cannot be proved by the former's acts and declarations. *Sencerbox* v. *McGrade*, 6 Minn. 484.

The unauthorized acts or declarations of an agent are inadmissible to show the scope or extent of his authority. *Alt* v. *Grosclose*, 61 Mo. App. 409.

The declarations of an agent, although accompanied by acts, are inadmissible in favor of a third person against the principal to prove the extent of the agent's authority. *Brigham* v. *Peters*, 1 Gray, 139.

The declarations of the agent, though accompanying his

acts, constitute no evidence of the extent of his authority. *Dowden* v. *Cryder,* 55 N. J. L. 329, 26 Atl. 941.

The authority of an agent to make draft for his principal cannot be established by his own statement or declaration made when the draft is presented and indorsed. *McDonough* v. *Heyman,* 38 Mich. 334.

In an action for the price of logs claimed to have been purchased by defendant through his agent, the declarations of the alleged agent when he purchased them concerning his relations with the defendant are inadmissible. *Comegys* v. *American Lumber Co.,* 8 Wash. 661, 36 Pac. 1087.

To bind a person named as principal in a contract showing on its face that it was accepted by an agent, the latter's authority to act for the principal must be shown. *Swaine* v. *Maryott,* 28 N. J. Eq. 589.

To charge a principal in a contract made by his agent, the authority of the agent must be clearly proved, and that it was strictly pursued. *Bank of Hamburg* v. *Johnson,* 3 Rich. Law, 42.

Those who deal with an agent whose authority is limited to special purposes are bound at their peril to know the extent of his authority. *Williamson* v. *Richardson,* Fed. Cas. No. 17754.

Where an agent acts under an express or special power, verbal or written, one dealing with him is bound to know what this power is and its legal effect. *Payne* v. *Potter,* 9 Iowa, 549.

See, also, *Johnson* v. *Wingate,* 29 Me. 404; *Equitable Life Assur. Society* v. *Poe,* 53 Md. 28; *Dowden* v. *Cryder,* 55 N. J. L. 329, 26 Atl. 941; *Keith* v. *Puris,* 4 Desaus. 114; *Fort Worth etc. Ry. Co.* v. *Johnson,* 2 Wils. Civ. Cas. Ct. App. 232; *United States* v. *Williams,* 1 Ware, 173, Fed. Cas. No. 16724; *Marvin* v. *Universal Life Ins. Co.,* 85 N. Y. 278, 39 Am. Rep. 657.

Where property has been lost or destroyed through the negligent act of another, the usual rule as to the measure of damages is the reasonable worth of the property at the time of its destruction. *Barngrover* v. *Maac,* 46 Mo. App. 407; *Parke* v. *Frank,* 75 Cal. 364, 17 Pac. 427; *Lyon County School Dist. No. 46* v. *Lund,* 51 Kan. 731, 33 Pac. 595; *Biglow* v. *Carney,* 18 Mo. App. 534; *Forrest* v. *Buchanan,* 203 Pa. St. 454, 53 Atl. 267; *Howard* v. *Taylor,* 99 Ala. 450, 13 South.

121; *McConey* v. *Wallace,* 22 Mo. App. 377; *Fessler* v. *Love,* 48 Pa. St. 407; *Churchill* v. *Price,* 44 Wis. 540; *Fairchild* v. *Rogers,* 32 Minn. 269, 20 N. W. 191. See, also, *Lee* v. *Callahan,* 84 N. Y. Supp. 167; *Connelly* v. *Interurban Street Ry. Co.,* 86 N. Y. Supp. 213; *International etc. R. R. Co.* v. *Wiegriffe,* (Tex. Civ. App.) 78 S. W. 704; *Wagner* v. *Conway,* 76 App. Div. 623, 78 N. Y. Supp. 420; *Houston etc. Ry. Co.* v. *Cluck,* 31 Tex. Civ. App. 211, 72 S. W. 83.

Thomas Armstrong, Jr., and Fred L. Ingraham, for Appellee.

Where an agency is shown to exist it is presumed to be general and not special. *Missouri Pacific Ry. Co.* v. *Simons,* 6 Tex. Civ. App. 621, 25 S. W. 996; *Collins* v. *Cooper,* 65 Tex. 465; *Reynolds* v. *Collins,* 78 Ala. 94; *Proctor* v. *Towns,* 115 Ill. 138, 3 N. E. 569; *Sharp* v. *Knox,* 48 Mo. App. 169; *Methuen Co.* v. *Hayes,* 33 Me. 169.

In all cases where the agent acts within the apparent scope of his authority his acts are binding on his principal, and this is especially true of corporations, which are unable to act except through agents. *Winchell* v. *National Express Co.,* 64 Vt. 15, 23 Atl. 728; *Walsh* v. *Hartford F. I. Co.,* 73 N. Y. 5; *Lake Shore etc. Ry. Co.* v. *Foster,* 104 Ind. 293, 54 Am. Rep. 319, 4 N. E. 20.

In such cases the question is not what authority was intended to be given the agent, but what authority was the third person dealing with him justified from the acts of the principal in believing was given to him. *Griggs* v. *Selden,* 58 Vt. 561, 5 Atl. 504.

Restrictions on the power of the agent are not binding on a third person dealing with the agent in good faith, unless he knows that the agent is violating his instructions. *Shelbyville Tr.* v. *Shelbyville etc. Turnpike Co.,* 58 Ky. (1 Met.) 54; *Jones* v. *Shelbyville etc. Ins. Co.,* 58 Ky. (1 Met.) 58; *Mt. Olivette Cemetery Co.* v. *Shubert,* 39 Tenn. (2 Head) 116; *Choteaux* v. *Leech,* 18 Pa. St. 224, 57 Am. Dec. 602; *Williams* v. *Getty,* 31 Pa. St. 461, 72 Am. Dec. 757; *Edwards* v. *Schafer,* 49 Barb. 291; *Insurance Co.* v. *McCain,* 96 U. S. 84, 24 L. Ed. 653.

SLOAN, J.—The Yuma Valley Union Land and Water

Company, a corporation, hereinafter called the "Union Company," brought suit in the district court of Yuma County against the California Development Company, a corporation, hereinafter called the "Development Company," to recover upon a contract for the lease of a certain dipper dredge owned by the Union Company, by the terms of which contract the Development Company agreed to make certain repairs on the dredge, to use it in the construction of its canal in California, and return it on or before a specified date to the Union Company at Yuma. The complaint alleged that the dredge was not returned according to the terms of the contract, and prayed for damages in the sum of twenty-five thousand dollars for its non-return. The Development Company in its answer denied under oath the execution of the contract sued upon, and alleged that the party signing its name to the said contract was without power or authority so to do; denied that it ever rented, received, or had in its possession the said dredge; and denied that it lost the same or caused its loss as alleged by the plaintiff. It further put in issue the value of the dredge as alleged by the plaintiff. The case was tried by the court without a jury. Judgment was rendered in favor of the plaintiff, and against the defendant, in the sum of $7,097.85, the value of the dredge as found by the court, and the costs. From this judgment the Development Company has appealed.

The appellant, by its first assignment of error, challenges the correctness of numerous rulings of the court in overruling objections made by appellant to various questions put by appellee to certain witnesses, and in denying motions to strike from the record numerous answers made to questions put to these witnesses by appellee. The assignment is subject to the objection that it does not conform to the rules and practice of this court, in that it embodies in one assignment many disconnected rulings. Disregarding this defect, however, and treating the assignment as though properly made, a consideration of the rulings complained of does not disclose reversible error. Each of them pertains to the testimony admitted into the record. As the case was tried to the court, unless it should affirmatively appear otherwise, it will be presumed that such of the answers of the witnesses as may have been incompetent were disregarded by the court.

The record does not show that any of the court's findings were based upon testimony which should not have been admitted. *United States* v. *Marks,* 5 Ariz. 405, 52 Pac. 773.

The second assignment of error made by the appellant is based upon the insufficiency of the evidence to sustain the findings of the court that the plaintiff was entitled to recover for the value of the dredge, and that the latter was worth the sum of $7,097.85. The liability of the Development Company hinged upon two questions of fact: The first was whether or not the agent of the Development Company who signed the name of the company to the contract had authority from the company to execute it on its behalf; second, whether there was a delivery of the dredge under the contract by the Union Company to the Development Company.

Upon the trial it was shown that the Development Company, which is a California corporation, was represented at Yuma, at the time the contract sued upon is alleged to have been executed, by one George Sexsmith, as its agent. In the matter of leasing the dredge Sexsmith was acting under instructions from one C. R. Rockwood, who was then the vice-president and general superintendent of the Development Company. These instructions were communicated by Rockwood to Sexsmith by telephone from Los Angeles. These instructions authorized Sexsmith to contract in behalf of the Development Company with the Union Company for a lease of the dredge. He was instructed, however, by Rockwood not to receive the dredge unless the Union Company should have insurance placed upon it. Upon the question whether or not Sexsmith communicated this part of his instructions to the officers of the Union Company the evidence is conflicting. It was admitted by the latter that Sexsmith, at the time the contract of leasing was signed, stated that he would not accept the dredge unless it was insured. The written contract contains no reference to insurance, and the dredge was not, in fact, insured. The evidence is also conflicting upon the question of the acceptance of the dredge by Sexsmith in behalf of the Development Company. We must therefore take the findings of the court as conclusive upon both of these controverted questions of fact, and assume that the agent's instruction as to insurance was not communicated to the officers of the Union Company, and that

there was an acceptance by the agent of the dredge under the written contract.

One question of law is presented by these facts. Was the undisclosed limitation upon Sexsmith's authority binding upon the Union Company, so that the contract signed by him did not become the contract of the Development Company? An agent of a corporation, whether general or special, who acts within the apparent scope of his authority, may bind his principal unless notice be given to third persons dealing with the corporation through him that the agent is transcending his authority in some substantial particular. Power to lease the dredge was conferred upon Sexsmith. His instruction received from Rockwood not to take the dredge until it was insured was a limitation upon his power, binding upon the Union Company, if communicated to its officers; but this restriction was not such a one as can be said from the nature of the transaction to be apparent, and not one which should have been inferred. His act, therefore, in signing the contract, became the act of the Development Company, as did also his act of taking possession of the dredge. His declaration that he would not take possession of the dredge unless it were insured can hardly be said to import want of authority to lease the dredge unless it was first insured by the Union Company. In such transactions, especially when one of the parties is a foreign corporation and represented by an agent, it should be assumed that some latitude is given such agent in making a contract, for otherwise it would be impracticable for such business to be transacted with dispatch, if every detail of a bargain or contract be required, before becoming binding upon the principal, to be first submitted by the agent and approved by the former. It might reasonably and properly have been inferred by the officers of the Union Company from the statement of Sexsmith that the requirement as to insurance was the subject of waiver by him, and not a limitation upon his authority.

The testimony is also sufficient to sustain the finding as to the value of the dredge. The dredge was wrecked and destroyed during February, 1903. A witness for the appellee testified that he inspected the dredge in January, 1903, and that, in his opinion, it was worth when new seven thousand five hundred dollars, and that it had not depreciated in

value more than from two hundred to four hundred dollars. Another witness stated that the cost of the dredge was $7,497.85. It is apparent that the court arrived at its estimate of the value of the dredge by deducting the maximum amount of depreciation, as estimated by the former witness, from its cost as stated by the latter witness. A machine of this character can hardly be said to have a fixed market value, and, as to such property, the rule is, in fixing its value, that recourse may be had to its cost, utility, and use, and also to the opinions of witnesses who may possess such information as may give their opinions weight. 2 Sutherland on Damages, p. 378.

The evidence is sufficient to sustain the findings, and no error appears in the conclusions of law drawn by the trial court therefrom, or in the judgment rendered thereon.

The judgment is therefore affirmed.

DOAN, J., and CAMPBELL, J., concur.

NAVE, J., took no part in the decision of this cause.