(109 App. Div. 42.)

### HELM v. ENNIS et al.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. BROKERS—PURCHASE ON MARGIN—DELIVERY OF DIFFERENT STOCK.

Brokers purchased stock on margin for a customer, charging him with the price of the stock at the time it was purchased. This stock was, however, credited on other transactions, and when the customer desired to take up the stock, the brokers furnished other similar stock, which

they obtained for a smaller price. The customer retained the stock, and it did not appear that its price fluctuated between the time he ordered it delivered and the time it was delivered. *Held* that, as he was not entitled to the identical stock originally purchased, he was not damaged by the substitution, and could not recover the difference between the price of the stock first purchased and that delivered.

Appeal from Trial Term, New York County.

Action by Gustav A. Helm against Thomas A. Ennis and another. From a judgment for plaintiff, and from an order denying motion for a new trial, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Treadwell Cleveland, for appellants.

James C. Lenney, for respondent.

LAUGHLIN, J. The defendants were stockbrokers, and members of the Consolidated Stock & Petroleum Exchange of New York. The plaintiff was one of their customers. On the 26th day of September and 5th day of November, 1902, and 3d day of March, 1903, respectively, the plaintiff directed the defendants to purchase certain stocks for him on margins. On each occasion they promptly reported to him that they had purchased the stock, and rendered an account charging him with the purchase price and commissions. They subsequently rendered statements showing that they had credited him with a dividend received on part of the stock, and had charged him with interest on the balance of the account. On the 25th day of May, 1903, the plaintiff telephoned the manager of the defendants' Brooklyn office, through whom he had dealt with them, that he was ready to take up the stock, and pay the balance owing to them on account of the transactions, and was informed that it would take a few days to get the stock. The plaintiff was about to leave the city, and urged prompt action on the part of the defendants in delivering the stock, and on the 28th of May they delivered to the Borough Bank of Brooklyn, pursuant to the plaintiff's direction, stock of the description and amount which he had authorized them to purchase for him, together with a statement of the account which, as to the purchase price, agreed with the accounts originally rendered by them. The plaintiff thereupon gave them a check for the balance of the account as thus rendered. He subsequently learned that the certificates of stock which were delivered to him by the defendants were purchased by them on the 27th and 28th days of May, 1903, and at a lower price than that which they had charged him and which he had paid. This action was brought to recover the difference between the purchase price of the stock as reported to the plaintiff by the defendants, according to which he settled with them, and the amount they paid for the stock actually delivered. The theory of the action as shown by the allegations of the complaint is that the defendants were acting in a fiduciary capacity, and that, having reported to him that they purchased stock at a higher price than that which they paid for the stock actually delivered, they are liable to him for the difference; he having settled with them in ignorance of the fact. But this was a stock transaction on margin. The rule is

well settled in such case that the brokers are not obliged to retain the identical stock for their customer, nor is he entitled to receive it. It is the duty of the brokers employed to purchase stock on margins to have in their possession, or subject to their control, at all times sufficient stock to enable them to comply with any demand for the stock on the part of their customer, and to deliver the stock upon being tendered the balance owing to them; but the customer is not entitled to the identical stock purchased for him. Caswell v. Putnam, 120 N. Y. 153, 24 N. E. 287. Owing to the form in which this action is brought, it is unnecessary to decide some interesting questions argued by the respective counsel, for the reason that they are not necessarily presented. It appears that the stock was purchased at the time and for the prices originally reported to the plaintiff; but by the clearing house system of balancing the accounts of the members adopted by the Exchange, the stock so purchased was credited on other sales made by the brokers. The plaintiff accepted and still retains the certificates of stock delivered to him, which are of the denomination and amount which he directed the defendants to purchase for him, and he has not elected to rescind the settlement and tender back the stock. In these circumstances, it is immaterial whether the brokers had the stock which they purchased for the plaintiff actually delivered to them at the respective times when they reported to the plaintiff that they had executed his orders, for it does not appear that the plaintiff has been prejudiced. He has received and accepted the stock, and he would not in any event have been entitled to the identical stock originally purchased. It does not appear that he desired to have the stock delivered to him or sold for him until three days before it was received and accepted by him, and it does not appear that its value changed during those three days. Nor is the action brought on that theory. In these circumstances no damages were shown, even if the defendants after purchasing did not retain the stock which they reported having purchased; and the plaintiff has failed to establish a cause of action.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.