(64 Misc. Rep. 276.)

PEOPLE ex rel. MANSFIELD v. FLYNN, Warden of City Prison.

(Supreme Court, Special Term, New York County. August, 1909.)

1. EMBEZZLEMENT (§ 10*)—PLEDGES—DEPOSIT OF MONEY.
    Where money is deposited with a stockbroker as margins, the relation of debtor and creditor exists, the customer retaining no property in the money, and hence the broker cannot be guilty of larceny in using the money for his own benefit.
    [Ed. Note.—For other cases, see Embezzlement, Dec. Dig. § 10.*]

2. EMBEZZLEMENT (§ 5*)—STOCKBROKERS—PLEDGES—SALE.
    Where a specific certificate of stock belonging to prosecutor was deposited with a broker only as collateral security, with directions that the broker should not sell the stock on any account, but instead the broker sold the stock on the same day it was received, without any loss on the customer's account, converted the proceeds, and secretly left the city, such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

facts justified a conclusion that he acted with a criminal intent, and was therefore guilty of larceny.

[Ed. Note.—For other cases, see Embezzlement, ·Dec. Dig. § 5.*]

Habeas corpus by the People, on relation of James H. Mansfield, against William Flynn, as Warden of the City Prison. Writ dismissed, and relator remanded.

James C. Lenney, for relator.

William T. Jerome, Dist. Atty., for respondent.

LEHMAN, J. The relator, an alleged stockbroker, is charged with the crime of larceny. It appears that as treasurer of J. H. Mansfield & Co., a corporation created for the purpose of transacting a general stock-brokerage business in the city of New York, he received 11 shares of the preferred stock of the United States Steel Corporation from the complainant, giving a receipt therefor. The complainant testified that he stated at the time that he wished to open an account on a five-point margin, and that he gave this stock as collateral and security, and that relator should not sell the stock on any account. The stock was sold by relator the same day. The complainant ordered the purchase upon this collateral of 100 shares of stock upon the same day, and considerably more stock subsequently, but at all times his account showed a profit. Some six weeks later he attempted to demand the stock, but the office was closed and relator gone.

The relation of stockbroker and customer has been frequently before the courts; but I have failed to find a case where the question whether the sale by a stockbroker of a certificate of stock received for collateral security and the retention of the proceeds can constitute larceny has been decided. Where money has been deposited as margin, the relation of debtor and creditor exists, and the customer has no property in the money, and therefore there can be no larceny of the money. People v. Thomas, 83 App. Div. 226, 82 N. Y. Supp. 215. Where the stock purchased on margin has been sold, there can be no larceny, because the customer is not entitled to any specific stock. Caswell v. Putnam, 120 N. Y. 153, 24 N. E. 287. Where a broker receives specific stock under an agreement to hold it for collateral, and pledges this stock for security, he is not necessarily guilty of larceny, because such a pledge may have been made without guilty intent to deprive the owner of his property, but solely with the intent of using it temporarily. Hennequin v. Clews, 77 N. Y. 427, 33 Am. Rep. 641; Palmer v. Hussey, 87 N. Y. 303.

In this case, however, we have a specific certificate of stock, the property of the complainant, deposited only as collateral security. There was never any loss upon the transactions, and relator was, therefore, never justified in selling it. The sale occurred· the same day as the deposit, and the relator has apparently left the city secretly with the proceeds, and it may therefore be inferred that the sale was not only with the purpose of depriving the complainant of his property, but with guilty intent. The complainant has subsequently brought a civil suit for conversion of the money rather than the stock.

Such a course may have deprived him of the right to claim that his judgment was not barred by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and casts doubt upon his good faith in this proceeding, causing me to believe that he has made the complaint herein to enforce payment of relator's civil liability; but such an election does not relieve the relator from his criminal liability.

The writ must therefore be dismissed, and the relator remanded into custody.