The referee may be agreed on by the parties, or in case of an inability to agree, will be named by the court.

Ordered accordingly.

---

THE PEOPLE ex rel. JAMES H. MANSFIELD, Relator, *v.* WILLIAM FLYNN, as Warden of the City Prison, Respondent.

(Supreme Court, New York Special Term, August, 1909.)

Arrest on criminal charge — Preliminary complaint, information or affidavit — Setting forth particular facts.

Where a broker receives specific stock under an agreement to hold it as collateral and pledges it as security, he is not necessarily guilty of larceny.

But where the broker never incurred loss upon the transactions, as security for which the stock was pledged, but sold it the same day it was deposited and left the city with the proceeds, it may be inferred that the sale was made with guilty intent.

HEARING upon a writ of habeas corpus.

James C. Lenney, for relator.

William T. Jerome, District Attorney, for respondent.

LEHMAN, J.    The relator, an alleged stockbroker, is charged with the crime of larceny.    It appears that, as treasurer of J. H. Mansfield & Company, a corporation created for the purpose of transacting a general stockbrokerage business in the city of New York, he received eleven shares of the preferred stock of the United States Steel Corporation from the complainant, giving a receipt therefor.    The complainant testified that he stated at the time that he wished to open an account on a five point margin, and that he gave this stock as collateral and security, and that relator should not sell the stock on any account.    The stock was sold by relator the same day.    The complainant ordered the purchase upon this collateral of 100 shares of stock upon the same day, and considerably more stock, subsequently; but at all times his account showed a profit.    Some six weeks later he attempted to demand the stock, but the office was closed and relator gone.    The relation of stockbroker and customer has been frequently before the courts, but I have failed to find a case where the question whether the sale by a stockbroker of a certificate of stock received for collateral security and the retention of the proceeds can constitute larceny has been decided.    Where money has been deposited as margin, the relation of debtor and creditor exists, and the customer has no property in the money; and, therefore, there can be no larceny of the money.    People v. Thomas, 83 App. Div. 226. Where the stock purchased on margin has been sold, there can be no larceny, because the customer is not entitled to any specific stock.    Caswell v. Putnam, 120 N. Y. 153. Where a broker receives specific stock under an agreement to hold it for collateral and pledges this stock for security, he is not necessarily guilty of larceny, because such a pledge may have been made without guilty intent to deprive the owner of his property, but solely with the intent of using it temporarily.    Hennequin v. Clews, 77 N. Y. 427; Palmer v. Hussey, 87 id. 303.    In this case, however, we have a specific certificate of stock, the property of the complainant, deposited only as collateral security.    There was never any loss upon the transactions, and relator was, therefore, never justified in selling it.    The sale occurred the same day as

Supreme Court, August, 1909.     [Vol. 64.

the deposit, and the relator has apparently left the city secretly with the proceeds; and it may, therefore, be inferred that the sale was not only with the purpose of depriving the complainant of his property, but with guilty intent. The complainant has subsequently brought a civil suit for conversion of the money rather than the stock. Such a course may have deprived him of the right to claim that his judgment was not barred by the Bankruptcy Act, and casts doubt upon his good faith in this proceeding, causing me to believe that he has made the complaint herein to enforce payment of relator's civil liability; but such an election does not relieve the relator from his criminal liability. The writ must, therefore, be dismissed and the relator remanded into custody.

Writ dismissed and relator remanded.