[Civil No. 2486.  Filed March 28, 1927.]

[254 Pac. 485.]

In the Matter of the Liquidation of CITIZENS' BANK AND TRUST COMPANY, Insolvent (in Liquidation), A. T. HAMMONS, as Superintendent of Banks of the State of Arizona, While Liquidating the Business, Assets and Property of the CITIZENS' BANK AND TRUST COMPANY, a State Banking Corporation, and G. M. ROBERTS, as Special Deputy Superintendent of Banks of the State of Arizona, Appellants, v. E. J. HANDS, Appellee.

Mr. D. L. Cunningham, for Appellants.

Mr. J. D. Taylor and Mr. Bruce Stephenson, for Appellee.

LOCKWOOD, J.—E. J. Hands, hereinafter called plaintiff, brought suit against A. T. Hammons as superintendent of banks of the state of Arizona and C. M. Roberts as special deputy superintendent of banks, hereinafter called defendants, to recover the possession of certificates representing two hundred shares of stock of the United Verde Extension Mining Company hereinafter called the company.

The complaint shows on its face that the relief sought was the recovery of certain specific stock certificates which it was alleged had been bought by the bank for plaintiff and F. H. Hands, and had passed into the possession of defendant Hammons on the insolvency of the bank. Defendants' answer sets up various matters which enables them to raise the two vital issues in the case: First, that plaintiff cannot identify the stock certificates in question; and second, that, even admitting they can be identified, the bank was acting in the transaction as a stock broker, and, while so doing, disposed of the certificates in such manner as to prevent plaintiff bringing this suit for their recovery, his action, if any, being one of damages for their conversion.

The matter was tried before the court sitting without a jury, and judgment rendered for the plaintiff that two certain stock certificates of one hundred shares each, which were attached to a promissory note of one John Treu, and in the possession of Hammons as part of the assets of the bank, together with the dividends received thereon by Hammons since they had been in his possession, should be delivered to plaintiff. After the usual motion for new trial had been denied, defendant appealed to this court.

There are some seven assignments of error which require the determination of three legal propositions which we will take up in their logical order. The first is that the judgment is outside the issues of the pleadings. We have examined carefully the brief of defendants on this point, and are satisfied the assignment cannot be sustained. The complaint shows clearly that the suit is for the recovery of specific property held in trust as a special deposit. The issue raised by the pleadings is as to whether or not defendants do hold such a special deposit, which as a matter of law they should deliver to plaintiff. The relief granted by the judgment is the proper one, if plaintiff sustained the allegations of the complaint.

The second point is that, even admitting the bank did purchase stock for plaintiff and F. H. Hands as alleged in the complaint, it was acting throughout as a stock broker, and had all the usual rights and duties of such. It is, of course, the law that the ordinary stock broker, engaged in the buying and selling of stock, when he receives an order from a client for the purchase of certain stock and advances the purchase price thereof, may, until the certificate is actually delivered to his client, or demand is made therefor, resell or pledge it, provided he at all times keeps under his control an equal amount of similar stock so that the client may obtain it on demand; and the title to any particular certificate representing the stock so purchased does not pass to the client until delivery by the broker, or a demand therefor by the client. *Richardson* v. *Shaw,* 209 U. S. 365, 14 Ann. Cas. 981, 52 L. Ed. 835, 28 Sup. Ct. Rep. 512 (see, also, Rose's U. S. Notes); *Sexton* v. *Kessler & Co.,* 225 U. S. 90, 56 L. Ed. 995, 32 Sup. Ct. Rep. 657; *Thomas* v. *Taggart,* 209 U. S. 385, 52 L. Ed. 845, 28 Sup. Ct. Rep. 519; 9 C. J. 542–544.

The trial being before the court without a jury, and no findings of fact being filed, we must presume the court made such findings as would be necessary to support the judgment, and, if there is evidence in the record which reasonably would sustain such necessary findings, we will not disturb the judgment on a question of facts. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226.

The following facts are undisputed: Plaintiff during the year 1920–21 requested the Citizens' Bank & Trust Company, a corporation engaged in the general banking business in the city of Bisbee, and hereinafter called the bank, to purchase for him two hundred shares of stock of the company. The bank purchased this stock in two lots; one of one hundred and fifty shares, and later another of fifty shares. At about the same time F. H. Hands requested the bank to purchase for him one hundred shares of the same stock. The money necessary to pay for all this stock was furnished by plaintiff and F. H. Hands, and in due time they were notified that the same had been purchased and was held at the bank subject to their orders. Some time thereafter the bank became insolvent, and defendant Hammons in his official capacity took possession of its assets for the purpose of liquidating them under the statute. He found among these assets a certificate of stock for one hundred shares of the company in a security box, inclosed in an envelope with plaintiff's name thereon, and this certificate, numbered 14,483, was duly delivered to plaintiff, and his receipt taken therefor. F. H. Hands then assigned to plaintiff the one hundred shares of stock which the former had purchased.

At the trial it appeared also from the testimony of one of the witnesses that the stock in question

was purchased in the name of O. W. Wolfe, who was then cashier of the bank, indorsed by him in blank, and placed in an envelope with plaintiff's name marked thereon, and the envelope then put in the safekeeping files of the bank.

Even if the bank in the original transaction was subject to the ordinary rules governing stock brokers, we think this last evidence, if believed by the trial court, as it must have been, removed it from that category. A bank very frequently is made by its clients a special depository for the safekeeping of valuable property, and in such capacity it is, of course, subject to the rules governing, not stock brokers, but bailees. If the bank had handed the certificates in question to plaintiff after their purchase, and he had immediately returned them to it with the request that they be given exactly the same treatment which the evidence shows was actually accorded them, there could be no doubt they would have then been in its possession as a bailee, and plaintiff was entitled to have the identical certificates returned to him. We think the rule is the same when the bank, at the previous request of the customer that they be held for safekeeping, acts on the request, as it did in this case. We therefore see no merit in the assignments which raise the question of the capacity in which the bank purchased and held the certificates.

The third and most important assignment of error raises the question as to whether there was sufficient identification of the certificates. It is, of course, true in a suit of this nature that the burden of proof is on plaintiff to show the particular certificates which he claims are, as a matter of fact, the identical ones which were purchased for him. It is not sufficient that he establish merely that the bank has in its possession some certificates equivalent in amount to those

which belong to him. We do not think it would be of any value to analyze the testimony given in the record. Some of that offered and admitted was doubtless hearsay, and not binding on the defendants. We must presume, however, that the court disregarded this evidence in reaching its conclusions, if there is sufficient other testimony legally in the record which would sustain the necessary findings. *Abernathy* v. *Reynolds,* 8 Ariz. 173, 71 Pac. 914; *Boston & A. S. Co.* v. *Lewis,* 3 Ariz. 5, 20 Pac. 310; *Hughes* v. *Cadena De Cobre Co.,* 13 Ariz. 52, 108 Pac. 231.

We are of the opinion that the testimony legally admitted would sustain a finding that one of the certificates described in the judgment was the one purchased by the bank and belonging originally to F. H. Hands, and by him assigned to plaintiff.

So far as the other certificate is concerned, we are of the opinion the evidence shows conclusively it is not, and cannot be, one of those purchased by the bank for plaintiff. It appears from the undisputed testimony the first purchase made for plaintiff was of one hundred fifty shares of stock and the second of fifty. Necessarily, the purchases being made at two different times, at least two certificates must have been issued therefor. It also appears that there was found in the envelope with plaintiff's name on it one certificate for one hundred shares of stock, which was delivered to him by defendant Hammons, after he had taken possession of the bank. If that certificate so delivered was, as we must assume in the absence of evidence to the contrary, part of the stock originally purchased for plaintiff, the other one hundred shares bought for him must have been in the form of two certificates for fifty shares each, or a larger number of certificates for a smaller amount. It is certain that, since they amounted to one hundred shares, and were purchased at different

times, they could not have been represented originally by one certificate for one hundred shares of stock.

There is nothing to show that any exchange or substitution of certificates on plaintiff's account was ever made. Such being the case, we are forced to the conclusion there is no evidence to sustain the judgment as to both certificates. It is also true there is no showing as to which particular one is plaintiff's. However, since they are identical, except for their serial number, we think a court of equity would be justified in awarding one of them to him, but the judgment as rendered cannot stand. It may be that on a new trial plaintiff can show that the certificate in question was taken in exchange for those originally purchased.

For that reason we do not modify and affirm the judgment. It is ordered that the judgment be reversed and the cause remanded for a new trial in accord with the principles laid down herein.

ROSS, C. J., and McALISTER, J., concur.