[Civil No. 2871.   Filed March 31, 1930.]

[286 Pac. 193.]

JAMES B. BUTTON, Successor to A. T. HAMMONS, as Superintendent of Banks of the State of Arizona and Ex-officio Receiver of the CITIZENS BANK & TRUST COMPANY, a Corporation, Insolvent, Appellant, v. E. J. HANDS, Appellee.

Mr. D. L. Cunningham, for Appellant.

Mr. J. D. Taylor, for Appellee.

ROSS, J.—Upon a former appeal of this case (*Hammons* v. *Hands,* 31 Ariz. 478, 254 Pac. 485, 487), the judgment awarding the plaintiff, Hands, two certain certificates, of 100 shares each, of the stock of the United Verde Extension Mining Company, together with the dividends thereon, was reversed, and the cause remanded for a new trial. Since such appeal James B. Button has succeeded to the office of superintendent of banks and prosecutes this proceeding. We refer to our former opinion for a general statement of the facts. Therein we said:

"We are of the opinion that the testimony legally admitted would sustain a finding that one of the certificates described in the judgment was the one purchased by the bank and belonging originally to F. H. Hands, and by him assigned to plaintiff.

"So far as the other certificate is concerned, we are of the opinion the evidence shows conclusively it is not, and cannot be, one of those purchased by the bank for plaintiff."

Notwithstanding we ordered a new trial of the whole case stating:

"It may be that on a new trial plaintiff can show that the certificate in question was taken in exchange for those originally purchased."

Upon a new trial the court found against plaintiff as to one of the certificates, but as to the other found in his favor. The finding was that one of the certificates belonged to F. H. Hands, and was by him sold and assigned to plaintiff. The court gave judgment to plaintiff for said certificate and the then accrued dividends thereon, in the sum of $1,325, on the theory that both the certificate and the dividends were held by the receiver-superintendent of banks in trust for plaintiff.

It is now asserted by the defendant Button on this appeal that the finding is not supported by the evidence. We have examined the evidence, and concluded that such finding was warranted. It appears therefrom quite satisfactorily that one of the certificates was issued to Wolf, the cashier of the bank, and by him indorsed in blank, and that said certificate was paid for by Hands and left by him in the bank for safekeeping. As we see it, the only question is whether such finding will support the judgment. It is contended by defendant that it will not. He insists plaintiff must identify the particular certificate that was issued to him or to Wolf for him; that it is not enough to establish that one of the two is his, although they are identical being stock of the same company and for the same number of shares.

In *Richardson* v. *Shaw*, 209 U. S. 365, 14 Ann. Cas. 981, 52 L. Ed. 835, 28 Sup. Ct. Rep. 512, 516, the court discusses the question of the substitution of certificates of stock, and in that connection makes the following observation:

"A certificate of the same number of shares, although printed upon different paper and bearing a different number represents precisely the same kind and value of property as does another certificate for a like number of shares of stock in the same corporation. It is a misconception of the nature of the certificate to say that a return of a different certificate. or the right to substitute one certificate for another

is a material change in the property right held by the broker for the customer. *Horton* v. *Morgan,* 19 N. Y. 170, 75 Am. Dec. 311; *Taussig* v. *Hart,* 58 N. Y. 425; *Skiff* v. *Stoddard,* 63 Conn. 198, 218, 21 L. R. A. 102, 26 Atl. 874, 28 Atl. 104. As was said by the court of appeals of New York in *Caswell* v. *Putnam,* 120 N. Y. 153, 157, 24 N. E. 287, 'One share of stock is not different in kind or value from every other share of the same issue and company. They are unlike distinct articles of personal property which differ in kind and value, such as a horse, wagon, or harness. The stock has no earmark which distinguishes one share from another, so as to give it any additional value or importance; like grain of a uniform quality, one bushel is of the same kind and value as another.' "

In *In re Farmers' & Merchants' Savings Bank of Mount Pleasant,* 202 Iowa 859, 51 A. L. R. 910, 211 N. W. 532, 534, it appears the owners of Liberty bonds left them with the bank for safekeeping and were unable to identify their particular bonds, because neither they nor the bank had kept any record of their numbers. Upon the bank's passing into the hands of a receiver, it was held that whatever of such bonds as came to him should be prorated among the owners, or sold and the proceeds prorated. For inability to identify bonds the court said:

"It would be manifestly inequitable and unjust to deprive the claimants thereof, and thereby swell the assets of the bank which never acquired title thereto, to the advantage of creditors."

The two certificates here are identical, and it can make no difference to the receiver-superintendent of banks which one is given to plaintiff, Hands. When he surrenders one of such certificates, he will still have all to which he is entitled, and plaintiff will have received what is justly his.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.