GOLDSMITH *v.* SACHS and others.[1]

ISAM WHITE *v.* SACHS and others.

LEVY WHITE *v.* SACHS and others.

*(Circuit Court, D. California.* May 15, 1882.)

1. CONTRACT FOR FUTURE PARTNERSHIP.
   Where several parties agree to enter into partnership on a future day, but a part refuse to enter upon the business in pursuance of the terms agreed upon, and the partnership is never launched, whereby the others are injured, the only remedy is an action at law for the breach.

2. SAME—PARTIES.
   Where seven *parties* agree to enter into a partnership at a future day, the language being, "they have agreed to become partners," and four out of the seven, afterwards, jointly refuse to enter into the partnership, and thereby commit a breach, by reason of which each of the others sustains several, but no joint, damages, each party so sustaining several damages may maintain an action against the parties jointly committing the breach, without joining, either as plaintiffs or defendants, the others who have committed no breach.

3. BREACH OF CONTRACT.
   Parties jointly committing a breach of a contract may all be joined as defendants.

4. VOID FOR UNCERTAINTY.
   Where the contract provides that "the business of the partnership shall be buying, selling, and dealing in dry goods and furnishing goods, and such other merchandise as may be convenient and profitable to all parties concerned," the description of the business is not so vague and indefinite as to render the contract void for uncertainty.

5. DAMAGES.
   Where the complaint presents a case for some damages, even if only nominal, it is not necessary, on demurrer, to determine the rule of damages.

6. JOINT AND SEVERAL CONTRACTS.
   Rule in regard to parties stated, where contracts are not in express terms either joint or several; or when a contract will be regarded as joint, and when as several.

Demurrer to Complaint. The facts sufficiently appear in the opinion of the court.

*McAllister & Bergin,* for plaintiff.

*Wilson & Wilson,* for defendants.

SAWYER, J. This is an action on a contract to enter into a partnership, which the defendants are alleged to have refused to carry

[1] From 8th Sawyer.

out. They contend that the partnership never went into effect, and, consequently, that there are no partnership affairs to settle up. It is also correctly contended that only an action at law will lie for the breach. But this is an action at law by one of the parties against several of the others, who are alleged to have refused to go on with the partnership. The parties to the contract are Isam White, E. L. Heller, S. W. Heller, Martin Sachs, Sanford Sachs, Max Goldsmith, and Levi White.

This action is by Goldsmith against the two Sachs and the two Hellers. Neither Isam White nor Levi White is joined as plaintiff or defendant. He alleges special several damages resulting to him alone from the breach. It is claimed by the defendants that this action cannot be maintained if the parties L. and I. White are not joined. The only terms of the contract indicating its character, whether joint or several, are, "they have agreed to become partners." That is the language of the contract. The contract, therefore, is not in express terms either joint or several.

In the case of *Capen* v. *Barrows*, 1 Gray, 376, the court citing Broom on Parties, 8 and 10, these rules are laid down:

Where the covenant is, in its terms, *several*, but the *interest* of the covenantees *is joint*, they must join in suing upon the covenant; (2) where the covenant is, in its terms, *expressly* and *positively joint*, the covenantees must join in an action upon the covenant, although as between themselves their interest is several; (3) where the language of the covenant is *capable of being so construed*, it shall be taken to be *joint or several according to* the INTEREST of the covenantees.

The last is the category in which this contract falls. The terms are expressly neither joint nor several; so the parties, according to that rule, may consider it as either joint or several, according to their interest and the nature of the cause of action. Certainly each party has an interest in having each and all of the other parties go on with the partnership and carry out the agreement. Each has a several interest in carrying out that partnership arrangement. He cannot sue them all, at law, because some of them have committed no breach. There is no cause of action against them. He cannot join them all as plaintiffs, because all are not injured, or have not all sustained the same injury.

The injury complained of is not joint. It affects no one but the plaintiff. If a recovery is had for the damages alleged, the partnership assets are neither increased nor diminished. The plaintiff does not contribute to pay his own judgment, nor do any of the others share in the judgment. He could not join as party plaintiff those who are guilty of the breach, and liable for the damages, because the damages are several and his own, and not theirs. The parties sued cannot be both plaintiffs and defendants; and unless he can sue those alone who committed the breach and are liable, there is no remedy whatever. There would be a wrong—an injury—without a

remedy. His several interest is injured by the action, alone, of those sued, for which he alleges special damages. He must be entitled to recover against somebody, and it must be against those who are guilty of the breach, or nobody. Nobody else can share in that recovery, or be compelled to contribute to the payment of the judgment, if he does recover damages. Although not so in express terms, I do not perceive why the contract might not be regarded as a contract both joint and several; a contract by each party with all the others to enter into a partnership with all the others; also, a contract between each one, with each or more of the others, that he will go into partnership with all the others. That would seem to be the effect. The interests of the parties seem to require it to be so regarded. It is a contract *sui generis*. None of the cases cited are exactly in point, but that seems to be the rule as stated in Gray, and in Broom on Parties, 8, 10. In the case in Gray the language is precisely in effect the same as in this case: "Have agreed to become partners," in one, and "parties agreed to form a partnership," in the other. The interest is held to be joint in that particular action. The rule of the cases appears to be this: Where the interest in the cause of action is several, the parties should sue separately, if the covenant is not "expressly and positively" in terms joint.

In 1 Saunders, p. 154, in a note to *Eccleston* v. *Clipsham*, cited by the defendant, it is said:

"So, though a man covenant with *two or more jointly*, yet, if the *interest and cause of action* of the covenantees be *several* and not joint, the covenant shall be taken to be *several*, and each of the covenantees may bring an action for *his particular damage*, notwithstanding the words of the covenant are *joint*."

The case coming nearest to this that I have seen is *Vance* v. *Blair*, 18 Ohio, 532. The parties entered into an agreement with reference to a particular transaction, which would make them partners in that transaction. Two of them finally sold out to a third, before commencing operations, and the third violated the agreement, and the two remaining parties sued that third party for the violation of the agreement. On demurrer for want of parties, the court says:

"Another objection is that Cary and Hyatt are not parties to the action. Cary and Hyatt, although parties to the contract, we think could not be parties to this suit. Before the work commenced, as can be fairly inferred from the declaration, they sold out, each his one-sixteenth of the right to the contract, to Blair. They have no cause of complaint against either party; nor can either party complain of them. They have not broken the contract, nor has either of the parties broken it with them. They cannot maintain a suit against Blair, because Blair admitted to them their rights under the contract, and paid them what they were willing to take for those rights. The plaintiffs cannot maintain a suit against them, because they duly claimed and received what they had a right to under the contract—the same that the plaintiffs were claiming in this suit."

And therefore the court overruled the demurrer upon that ground, but sustained it upon another technical ground, having no relation to this question. Levy and Isam White were willing to go on, and are not liable. Why should the plaintiff sue them? They have no interest in his recovery; why should they join? The only parties to the breach and the damages alleged are the plaintiff and the defendants. If plaintiff cannot sue in that way, he cannot sue at all. He has no right of action in equity, because the partnership was never launched. The agreement is to enter into partnership at a future day, which the defendants refuse to do. Certainly, the defendants cannot be both plaintiffs and defendants in an action at law. I think that point not tenable.

The next point is that the defendants cannot be joined. It is alleged that they jointly conspired together to commit the breach; that they jointly conspired and jointly acted. Then they are jointly liable. I do not see why they cannot be joined. It may be true that if one of them had refused to carry out the contract alone, the other defendants would be entitled, on that ground, to refuse to go on with the others without him. But that is not set up. That is not the case made by the complaint. It may be a proper matter for answer. It is contended that plaintiff cannot recover, *because* if any one of the parties to the contract refused to carry it out, the rest would be entitled to repudiate the contract until he consents, because they only agreed to go into partnership with the others alone. That is not the aspect presented in this case. It is not alleged here that one refuses to go on, and that the co-defendants refuse to go on *because* of that refusal. The allegation is that the defendants "jointly conspired together and jointly committed the breach complained of." That is the allegation. I think that ground is not tenable.

The further point is made that the contract is void for uncertainty. "The business of the partnership shall be buying, selling, and dealing in dry goods and furnishing goods, and such other wares and merchandise as may be convenient and profitable to all parties concerned." Certainly the dry goods business and furnishing goods business must be sufficiently well known to merchants to make it reasonably certain what the subject-matter is. Then, as to "such other wares and merchandise as may be convenient and profitable." I see no objection to it, if the parties so choose to stipulate. It is an agreement. First, they shall deal in dry goods and the general furnishing goods business. Those terms have a well-known meaning among mercantile men. Then the further agreement is, in effect, that they shall deal in such other wares and merchandise as they may agree upon to be convenient and profitable. If they choose to put it in that form, I do not see that they have not the right to do so. They have, substantially, provided a mode and means of making it specific, by leaving it for their future decision as the occasion may

call for when it arises. I think the demurrer, therefore, is not tenable on that point.

The next point is that either party could dissolve the contract, consequently no action lies. They have specified the term of five years from the first of January following for the term of the partnership; and it is provided that in case any one should go out of the firm there shall be no allowance for the good-will. After executing the contract these parties allege that they made certain other arrangements, which defendants knew, at the time of making the contract, the plaintiff must make in order to go into that partnership; by which arrangement plaintiff necessarily lost money. And then, after having sustained these losses, after taking upon himself these inconveniences, with the knowledge of defendants, these defendants refused to carry out the arrangements for the partnership, whereby the plaintiff sustained damages. It seems to me there is a cause of action stated here. What the rule of damage may be would be another question. What the amount of it, another question. They have agreed to enter into a partnership for the purpose of carrying on the prescribed business, which the defendants have violated. Certainly there must be some grounds for damage, at all events, even if nothing more than nominal.

The other point is that no such damages as alleged can be recovered. I have passed upon that point so far as the claim is concerned when I refused to strike out. I think there is a basis for damages of some sort alleged; certainly for nominal damages.

Demurrer overruled, with leave to answer on the usual terms.

---

Isam White against the same parties is an action brought by another one of the parties to the contract against the same parties for the several individual damage sustained by him.

Of course the same principle applies to that.

Levy White against the same defendants is the third case of the same kind, and the

Demurrer in each will be overruled on the usual terms

---

There is no doubt whatever that an action at law may be maintained by a party to an executory contract to form a future copartnership, to recover damages for a wrongful refusal by the other party to execute such agreement.[1] It is also well settled that the wrongful refusal by a party to a contract of copartnership to permit the firm to commence business, or, as it is termed in the principal case, "to launch" the partnership business, is ground for an action at law by the injured partner to recover damages of the partner whose wrongful act has defeated the purposes for which the copartnership was formed.[2]

[1] Hill v. Palmer, 56 Wis. 123; S. C. 14 N. W. Rep. 20.

[2] Venning v. Leckie, 13 East, 7; Gale v. Leckie, 2 Starkie, 107; Manning v. Wadsworth, 4 Md. 59;

The test seems to be that if the damages resulting from the breach of a covenant or stipulation in the partnership agreement by one partner belong exclusively to the other partner, and can be assessed without taking an account of the partnership business, covenant or *assumpsit* may be maintained by the injured partner against the other for such damages.[1]

In *Hill* v. *Palmer*,[2] the complaint alleged that it was agreed between the plaintiffs and the defendant that they " should enter into a copartnership for the purpose of cutting, logging, and running " timber of one C.; that, by the terms of the agreement, the defendant was to make a contract with C. for said work, in his own name, for the benefit of the plaintiffs and himself, and that the work was to be done jointly, and the expenses and gains or losses to be shared by the plaintiffs and the defendant; that the plaintiffs gave the defendant valuable information concerning the work, which had been obtained by them at great expense; that the defendant entered into the contract with C.; that in so doing he relied upon the information given by the plaintiffs; that he counseled with them as to the various conditions of the contract, and that before its final execution he informed them of its contents, and was by them authorized to execute it; that the contract was executed by the defendant for the benefit and in behalf of the plaintiffs as well as himself, and in pursuance of the agreement between them; that the plaintiffs were ready and offered to perform the contract with C., and comply with the conditions of the partnership agreement as agreed to be entered into; that the defendant refused to comply with the conditions of his agreement with the plaintiffs " by refusing to enter into or carry out said partnership, and by refusing to permit " the plaintiffs to take any part in the performance of the contract with C.; that he performed such contract alone, and was paid therefor by C.; that the profits which would have been made by the plaintiffs and the defendant in said work would have been $11,000; and that the plaintiffs had been damaged by reason thereof in the sum of $5,500; and on demurrer the court held that it stated facts constituting a cause of action at law.

*St. Paul, Minn., September 25, 1883.*         ROBERTSON HOWARD.

Glover v. Tuck, 24 Wend. 153; Bagley v. Smith, 10 N. Y. 489; Terrill v. Richards, 1 Nott & McC. 20; Ellison v. Chapman, 7 Blackf. 224; Williams v. Henshaw, 11 Pick. 9; Addams v. Tutten, 39 Pa. St. 447; Vance v. Blair, 18 Ohio, 532; 1 Story, Eq. Jur. § 665; Collyer, Partn. § 256; 2 Lindley, Partn. (4th Ed.) 1025, and cases cited in notes.

[1] Collamer v. Foster, 26 Vt. 754; Hill v. Palmer, supra; Venning v. Leekie, 13 East, 7; Elgie v. Webster, 5 Mees. & W. 518; Foster v. Allanson, 2 Term R. 479; Townsend v. Goewey, 19 Wend. 424; Bumpass v. Webb, 1 Stewart, (Ala.) 19; Williams v. Henshaw, supra.

[2] Supra.