[Civil No. 213.   Filed January 19, 1889.]

[20 Pac. 310.]

## BOSTON AND ARIZONA SMELTING AND REDUCTION COMPANY, Plaintiff and Appellee, v. ROBERT A. LEWIS et al., Defendants and Appellants.

1. APPEAL AND ERROR—INCOMPETENT TESTIMONY—TRIAL BY COURT—PRESUMPTIONS—HARMLESS ERROR.—In an appeal from a trial before the court, the court of last resort will look into the record to see if the conclusion is right after disregarding the incompetent testimony, assuming that the trial judge did not consider the same. Harmless error is not ground for reversal.

2. SAME—WEIGHT OF EVIDENCE.—Where there is competent evidence in a case to sustain the conclusions this court cannot consider its weight; that is for the trial court.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. D. H. Pinney, Judge. Affirmed.

The facts are stated in the opinion.

Haynes & Mitchell, for Appellants.

There can be no doubt there was error in the admission of the testimony complained of. To prevent a reversal, therefore, it rests upon the respondent to show that we were not prejudiced; that the error was harmless; and this must be made to appear clearly. *Rice* v. *Neath,* 39 Cal. 609; *Sweeney* v. *Riley,* 42 Cal. 402; *Ponce* v. *McElvey,* 51 Cal. 459; *Innes* v. *Steamer Senator,* 1 Cal. 459; *Santillan* v. *Moses,* 1 Cal. 92.

W. H. Stilwell, for Appellee.

PER CURIAM.—This is a suit adverse to the application for a patent to a mineral claim, alleging that defendants, in their application for a patent to the Merry Christmas claim, had included a portion of the Knoxville claim. The pleadings attack the Knoxville location, alleging that it was not marked on the ground by monuments; also that, if ever properly located, it has been abandoned by failure to do annual assess-

ment work. The cause was tried by the court without a jury. The evidence is very voluminous, and very conflicting. We find in the record much testimony incompetent, because hearsay, admitted over the objections of defendants, and much testimony objectionable in character that seems to have been admitted, but not formally ruled upon. Had this cause been tried by a jury, a verdict rendered with this evidence before them could not stand. But, in appeals from a trial before the court, the court of last resort will look into the record to see if the conclusion is right after discarding the incompetent evidence; assuming that the trial judge did not consider the same. A harmless error will not be ground for reversal. We have to that end carefully examined this record, and conclude that the findings should not be disturbed. There is competent legal evidence to sustain the conclusions in this case, and we cannot consider its weight; that is for the trial court.

The judgment of the court below is affirmed.