(November 14, 1894.)

# MULLAN v. CLARK.

### [38 Pac. 247.]

COMPENSATION OF ATTORNEYS UNDER ACT OF CONGRESS OF MARCH 3, 1891.—The act of Congress of March 3, 1891, providing for the allowance of compensation to attorneys for services in prosecuting claims for Indian depredations is conclusive of the whole question of attorney's compensation in such cases, and where the amount of attorney's compensation has been settled and allowed by the court of claims, no other or further compensation can be collected, any contract to the contrary notwithstanding.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. W. Woods, for Appellant.

"The statute provides that 'the allowances to the claimant's attorneys shall be regulated and fixed by the court at the time of rendering judgment in each case and entered of record as a part of the findings thereof; but in no case shall the allowance exceed fifteen per cent of the judgment recovered, except in case of claims of less amount than $500, or where unusual services have been rendered or expenses incurred by the claimant's attorney, in which case not to exceed twenty per cent of such judgment shall be allowed by the court.' (1 Supplement to Rev. Stats., 2d ed., 916.) This we regard as like the tax- able costs in actions at common law which the parties themselves cannot fix by contract. (Rev. Stats., secs. 823, 824; *Taylor v. Bemiss,* 110 U. S. 42, 3 Sup. Ct. Rep. 441; *Stanton v. Embrey,* 93 U. S. 548; *In re Paschal,* 10 Wall. 483.)" Where the statutes of some of the states provide for the recovery, as costs by the successful party, of an attorney fee of a fixed amount, this does not limit the right of the attorney to recover of his client what his services are reasonably worth. (*Balsbaugh v. Frazer,* 19 Pa. St. 95; *Vilas v. Downer,* 21 Vt. 419.) In New York, the attorney has a lien for all that may be due him from his client, though it exceed the amount taxed as costs against the unsuccessful party. (*Marshall v. Meech,* 51 N. Y. 140, 10 Am. Rep. 572.)

A. E. Mayhew and J. E. Gyde, for Respondent.

In no case shall the allowance exceed fifteen per cent of the judgment recovered, except in case of claims of less amount than five hundred dollars, or where unusual services have been rendered or expenses incurred by the claimant's attorney, in which case not to exceed twenty per cent of such judgment shall be allowed. (Supplement to U. S. Rev. Stats. 1874-91, sec. 9, p. 916.) The government cannot be sued as a matter of right in the legal acceptance of that term, but in justice to the subject it sometimes permits itself, as in this case, to be sued. (*De Groat v. United States,* 5 Wall. 519.) By a long line of decisions of highly respected courts, contracts for a greater fee for collecting a pension have been declared against public policy and therefore void. (*United States v. Moyer,* 15 Fed. 417; *Hall v. Kiminer,* 61 Mich. 269, 1 Am. St. Rep. 575, 28 N. W. 96; *Smart v. White,* 73 Me. 332, 40 Am. Rep. 356.)

HUSTON, C. J.—Defendant, having certain claims against the United States government for Indian depredations, on the twentieth day of January, 1891, made a contract in writing with plaintiffs to prosecute said claims before the court of claims or elsewhere, as might be required for the best interests of claimant; and said defendant, by the terms of said contract, agreed to pay to the plaintiffs, as compensation for their services in and about the collection of said claims, thirty-three and one-third per cent of any and all sums collected by plaintiffs upon said claims, and also any sum disbursed by plaintiffs for any reasonable and necessary expenses which might be incurred by said plaintiffs in the prosecution of said claims.

On March 3, 1891, the federal Congress passed an act, entitled "An act to provide for the adjudication of claims arising from Indian depredations," in which act it is provided, *inter alia,* "that all sales, transfers or assignments of any such claims heretofore or hereafter made, except such as have occurred in the due administration of decedents' estates, and all contracts heretofore made for fees and allowances to claimant's attorney are hereby declared void. And all warrants issued by the Secretary of the Treasury, in payment of such judgments, shall be made payable and delivered only to the

claimant or his lawful heirs, executors, or administrators, or transferee, under administrative proceedings, except so much thereof as shall be allowed the claimant's attorneys by the court for prosecuting said claim, which may be paid direct to such attorneys, and the allowances to claimant's attorneys shall be regulated and fixed by the court at the time of rendering judgment in each case and entered of record as a part of the findings thereof. But in no case shall the allowance exceed fifteen per cent of the judgment recovered, except in case of claims of less amount than $500, or where unusual services have been rendered or expenses incurred by the claimant's attorney, in which case not to exceed twenty per cent of such judgment shall be allowed." (Supplement to U. S. Rev. Stats., 1874-91, sec. 9, p. 916.)

In September, 1892, judgment was recovered in the court of claims in favor of the defendant upon one of his said claims against the government of the United States for the sum of $4,675; and, upon the entry of said judgment, there was allowed and paid to the plaintiffs, as attorneys for claimant, by said court, the sum of $350. It is contended by plaintiffs that the allowance by the court is in the nature of taxed costs at common law, and have nothing to do with the compensation fixed or agreed upon by contract between the attorney and his client. "Taxed costs," as known to the common law or as generally provided for by statutes or rules of court, are uniform and specifically defined, and there is nothing in the language of Chief Justice Richardson in *Redfield v. United States,* 27 Ct. of Cl. 473 (cited by counsel for appellants), as we read it, which militates against this position. Speaking of the compensation provided for by the act of March 3, 1891, the chief justice of the court of claims says: "This we regard as like the taxable costs in actions at common law, which the parties themselves cannot fix by contract." There is this distinction, however, between the compensation provided for by the act of Congress and taxable costs. The latter are given in excess of or in addition to the judgment recovered, and are paid to and not by the prevailing party; while the compensation provided by the act of Congress is fixed by the court, and deducted from or paid out

of the judgment or amount recovered by the prevailing party. The construction contended for by counsel would make the act of Congress, in so far at least as section 9 is concerned, a piece of purposeless and idle legislation. The object of the act is apparent, and we must so construe it, if construction can be said to be necessary, as to carry out that object. The law empowers the court of claims to fix the compensation that shall be allowed the claimant's attorneys for prosecuting the claim. In this case the court fixed the compensation at $350, and this sum is, we think, all plaintiffs are entitled to. The judgment of the district court is affirmed, with costs.

Morgan and Sullivan, JJ., concur.