[Civil No. 817.   Filed March 20, 1903.]
[71 Pac. 914.]

A. ABERNATHY, Plaintiff and Plaintiff in Error, v. THOMAS REYNOLDS, Defendant and Defendant in Error.

1. APPEAL AND ERROR—FINDINGS—SUPPORTED BY EVIDENCE—WILL NOT BE DISTURBED—REVIEW.—Where there is any evidence fairly tending to support the findings of the trial court as to the facts, such findings will not be disturbed by the appellate court.

2. SAME—EVIDENCE — IMMATERIAL—TRIAL WITHOUT JURY — HARMLESS ERROR.—It is not ground for a reversal of a judgment that a trial court, sitting without a jury, admitted evidence which was immaterial, unless it appears that the determination of the court, in some degree at least, was based on such evidence.

3. SAME — SAME — REBUTTAL — MATTER COVERED IN EXAMINATION IN CHIEF.—Error cannot be predicated upon the refusal of the court to receive testimony offered by plaintiff in rebuttal, where the record shows not only that no ruling was made by the court excluding any answer to any specific question, but that the whole matter was explained by plaintiff in his examination in chief.

4. SAME—SAME—IMPEACHMENT—FAILURE TO LAY FOUNDATION.—In an action brought to establish the title of plaintiff to a one-half interest in a certain mining claim, the wife of plaintiff testified to conversations she had heard between plaintiff and defendant. A witness for the defendant testified to a conversation which he had with plaintiff, which tended to show that plaintiff knew witness had a bond and lease on the mining claim in question, which he had obtained from the defendant, and that plaintiff made no claim to the property. Plaintiff then offered to prove by his wife that defendant's witness came to her after he had taken a bond on the claim and wanted to buy it. This was excluded. *Held*, that such testimony was only competent as tending to impeach defendant's witness, and, no foundation for such impeachment having been laid, the testimony was properly excluded.

ERROR to the District Court of the Second Judicial District in and for the County of Gila.   F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

J. S. Sniffen, for Plaintiff in Error.

No appearance for Defendant in Error.

KENT, C. J.—This suit was brought to establish the title of the plaintiff in the action, the plaintiff in error in this court, to a one-half interest in a certain mining claim, the plaintiff claiming title by virtue of an alleged agreement between the parties whereby the defendant agreed to locate two certain mining claims, including the one in question, for their joint benefit. The defendant located the claims, and took the necessary preliminary steps to acquire title to one of the claims, but abandoned the other claim, the one in question. Subsequently the defendant located, but in his own name, the second claim, and the plaintiff brought suit to establish his title to a half interest therein under such second location.

The trial court found the agreement to be that the plaintiff was to have the option of claiming a half-interest in these two claims; that the plaintiff exercised such option by claiming his interest in the other claim, and that, when the option was exercised, the agreement between the parties terminated; that, the original location having lapsed, a subsequent location by the defendant of the claim in question gave no right thereunder to the plaintiff, since at the time of such subsequent location there was no contract or obligation between the parties under which the plaintiff could claim any interest whatsoever in the property; and gave judgment for the defendant.

The first and fourth assignments of error raise the question whether the evidence supports the findings and judgment entered thereon. The rule, which we have often stated, is that this court will not disturb the findings of the trial court as to the facts if there is any evidence fairly tending to support them. An examination of the record shows that the findings of fact were fairly supported by the evidence, and the conclusions drawn therefrom by the court are correct.

The second ground of error assigned is that the court admitted incompetent and immaterial evidence in allowing testimony showing the amount of work done on the claim after its second location by the defendant. The evidence offered was not incompetent. Under the issues it would seem to have been immaterial, but it is not a ground for a reversal of a judgment that a trial court, sitting without a jury, admitted evidence that was immaterial, unless it appears that

the determination of the court, in some degree at least, was based on such evidence. Such is not the case here.

The third error assigned is that the court erred in refusing to receive certain evidence offered by the plaintiff in rebuttal. This assignment does not specify the grounds of the error complained of, but in his brief counsel claims error in the refusal of the court to allow certain testimony of the plaintiff, offered in rebuttal, regarding a certain conversation with a witness, Pennington. An examination of the record shows not only that no ruling was made by the court excluding any answer to any specific question, but that the whole conversation was fully given by the plaintiff in his examination in chief, and he was also allowed to answer all the questions put to him by his counsel in regard thereto when called in rebuttal.

Other testimony, which it is claimed the court erred in refusing to receive, was the following: The wife of the plaintiff testified as a witness for the plaintiff, and testified to conversations she had heard between the plaintiff and defendant. Only a few questions were put to her on cross-examination, and they related solely to the conversations between the plaintiff and defendant. For the defendant, a Mr. Williams was called as a witness, who was examined and cross-examined as to a conversation with the plaintiff about the mining claim in question, upon which Williams then had a bond and lease, which he had obtained from the defendant. The conversation tended to show that the plaintiff knew of such bond, but that he made no claim to the property in question. In rebuttal, the plaintiff's wife was recalled, and asked if she had ever had a conversation with Mr. Williams in regard to this mining claim. The question was excluded by the court, and the plaintiff then offered to prove by the witness that Williams came to her after he had taken a bond on the claim, and wanted to buy it. On objection, this testimony was excluded. It was not error for the court to exclude the testimony. Such testimony was not competent, unless it was competent as tending to impeach the witness Williams, but no foundation for such impeachment had been laid, and the testimony was, therefore, properly excluded.

We find no error in the record, and the judgment of the district court is therefore affirmed.

Sloan, J., and Davis, J., concur.