## No. 10,558.

### GEORGE TRITCH HARDWARE CO. *v.* DONOVAN.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action for services rendered. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*General Finding—Presumption.* The finding of the trial court being general, it will be assumed by the reviewing court that disputed issues were resolved in favor of the prevailing party.

2. CONTRACTS—*Construction—Ambiguity.* In the construction of a contract, it is only where uncertainty as to its meaning re-

mains after proof of all the circumstances surrounding the
making of the instrument, that the ambiguity will be recog-
nized as patent, and the contract held void.

3.  EVIDENCE—*Contract—Construction.* In construing a contract un-
certain in its terms, evidence concerning the situation of the
parties when the contract was made, and of the unreasonable-
ness of the contract from the standpoint of either of the parties,
is relevant and competent.

4.  CONTRACTS—*Construction.* In general, a contract being uncertain
in its terms, the construction must go against him' who pre-
pared the instrument.

5.    *Construction.* In the construction of an ambiguous contract,
a party will be held to that meaning which he knew the other
party supposed the words to bear.

*Error to the District Court of the City and County of
Denver, Hon. Henry J. Hersey, Judge.*

Messrs. LEWIS & GRANT, Mr. ROBERT L. STEARNS, for
plaintiff in error.

Messrs. MCHENDRIE & SHATTUCK, Messrs. NORTHCUTT &
NORTHCUTT, for defendant in error.

*Department Three.*

MR. JUSTICE DENISON delivered the opinion of the court.

DONOVAN had judgment against the plaintiff in error in
an action to recover pay for his services as salesman, and
upon an assigned claim for like services of one Ninneman.
The defendant brings error. We think the judgment must
be affirmed.

Since the two claims are in all essentials alike, we will
speak of one only.

Plaintiff was employed March 6, 1919, and continued in
the defendant's employ till January 1, 1920, under an oral
contract. Defendant claims this contract was entirely in-
dependent, but plaintiff says it was agreed that the com-
pensation under this employment should be regarded as
controlled by the written agreement dated January 1, 1920,
hereinafter mentioned and then in preparation. Since the

finding for plaintiff was general, we must assume that he was right on this point, and we therefore regard the two terms of employment as in effect one, extending from the beginning of the oral to the end of the written term. The plaintiff remained in defendant's employ till January 1, 1921, more than one year, as required by the contract below. The real controversy, then, is upon the meaning of the written contract.

January 1, 1920, the parties entered into a written contract whereby plaintiff agreed to work for defendant and defendant "to pay" him "a salary of $175 per month" and expenses, and if he remained in defendant's employ for "one year from and after the date hereof" to pay "in addition to the compensation heretofore set forth, 20% of the gross profits, as hereinafter defined, from personal, mail or home sales, in the territory allotted to said salesman during said period * * *, less the total amount of salesman's salary and traveling expenses, which amount is to be deducted in arriving at the net additional compensation payable hereunder * * * The term 'gross profits' as used herein shall be construed to mean selling price less cash as shown upon the catalogue and charge sheets delivered to salesmen."

The court construed this to mean that the salary and expenses were to be deducted from the gross profits, and 20 per cent of the remainder was due plaintiff. Defendant claims that the salary and expense should have been deducted from twenty per cent of the gross profits and the remainder, if any, should be due plaintiff. In this case there was none.

We think there is here a patent ambiguity, i. e., an uncertainty apparent on the face of the writing without resort to extrinsic information. The clause beginning with "less" may as well be said to modify "20% of the gross profits" as "gross profits." Taking the particular clause alone or with the whole context, one meaning is deducible as readily as the other. By Lord Bacon's rule, then, the contract is void. Modern modifications of that rule, how-

ever, say that only where such uncertainty still remains after proof of all the circumstances of the parties when the contract was made, will the ambiguity be recognized as patent and the contract void. *San Miguel Co. v. Stubbs*, 39 Colo. 359, 90 Pac. 842; *Kretschmer v. Hard*, 18 Colo. 223, 32 Pac. 418; *Stearns-Rogers Co. v. Jackson Lake Co.*, 61 Colo. 403, 407, 158 Pac. 137; *Shannon Co. v. Potter*, 13 Ariz. 245, 251, 108 Pac. 486; 22 C. J. 1199; 1 Green. Ev. § 300; Wig. Ev. § 2470 et seq.; *Fish v. Hubbard's Adm'rs.*, 21 Wend. (N. Y.) 651; *Stokeley v. Gordon*, 8 Md. 496.

So the evidence concerning the situation of the parties when the contract was made and evidence of the unreasonableness of the contract from the standpoint of either of the parties we think was relevant and competent. *Stearns-Rogers Co. v. Jackson Lake Co., supra; McPhee v. Young*, 13 Colo. 80, 21 Pac. 1014. The defendant claims that evidence of this sort, offered by him, was rejected. If so, it was error, and we must now treat the case as if it were in and true.

Assuming that to be done, the defendant's case is not helped, because that evidence only went to show the improbability of the claim that defendant entered into a contract such as plaintiff claims, and it seems to us that, under the evidence, defendant is bound to concur in plaintiff's construction of it.

1. The contract was prepared by the company and since, in general, doubtful construction must go against him who prepares an instrument, it presumptively should do so here.

2. A party will be held to that meaning which he knew the other party supposed the words to bear. *St. Louis & Denver L. & M. Co. v. Tierney*, 5 Colo. 582; 2 Pars. Cont. 499.

The plaintiff and the witness Ingram testified that they went together to one Gentry, the defendant's treasurer, just before the contract was signed, and asked him to explain the effect of that part of the contract, and that he explained it according to plaintiff's present claim, illustrating it with

figures, and the contract was signed accordingly. We must take this testimony as true and while it would be incompetent and worthless against a certain and unambiguous contract, it is of force against an ambiguous one, and it shows that defendant knew that plaintiff supposed that the construction he now relies on was the right one, and so, under the above rule, the defendant is held to that interpretation.

As to Ninneman's claim, there is direct evidence of Ninneman himself that he so understood the contract, and it cannot be said that the court was not justified in inferring from his intimate relations with Donovan, which were known to defendant, and from other evidence, that the defendant knew this. Indeed defendant can hardly be supposed to have thought that Donovan was construing the contract one way and Ninneman another.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.