[Civil No. 2473.   Filed May 13, 1926.]

[245 Pac. 932.]

FIRST BAPTIST CHURCH OF WILLCOX, a Corporation Sole, Appellant, v. HARDIE CONNOR, Appellee.

1. APPEAL AND ERROR—IN SUIT TO RECOVER BALANCE DUE ON CONTRACT, EVERY MATERIAL FINDING NECESSARY TO SUPPORT JUDGMENT IS PRESUMED, AND IT WILL BE SUSTAINED IF ANY SUBSTANTIAL EVIDENCE IN RECORD SUPPORTS IT.—In suit on contract, every material finding necessary to support judgment is presumed, and judgment will be sustained if there is any substantial evidence in record to support it.

2. APPEAL AND ERROR.—Appellate court will assume that trial court's finding on conflicting evidence was correct.

———

2.   See 2 Cal. Jur. 926; 2 R. C. L. 194.

3. Appeal and Error.—On trial before court, erroneous admission of evidence is not reversible unless it affected decision.

4. Appeal and Error — Court is Presumed to have Ignored Evidence Erroneously Admitted, and Objector must Show That It was of Such Nature as to Likely Affect Vital Issues.— Court is presumed to have ignored, in its conclusions, evidence which was erroneously admitted, and the burden is on the objector to show that it was of such nature as to likely affect the vital issues of the case.

See (1) 4 C. J., p. 787, n. 46, p. 878, n. 82.   (2) 4 C. J., p. 777, n. 61.   (3) 4 C. J., p. 1001, n. 29.   (4) 4 C. J., p. 777, n. 58.

APPEAL from a judgment of the Superior Court of the County of Cochise. Albert M. Sames, Judge. Affirmed.

Mr. Lyman Hays, for Appellant.

Mr. John C. Gung'l, for Appellee.

LOCKWOOD, J.—Hardie Connor, hereinafter called plaintiff, brought suit against First Baptist Church of Willcox, a corporation sole, hereinafter called defendant, for a balance of salary he alleged was due him from defendant. In his complaint he alleged substantially that in December, 1922, he entered into a contract with defendant whereby he was to serve as pastor of said church at a yearly salary of fifteen hundred dollars, and that he had performed the duties of pastor under said contract, and there was due him at the time of filing a complaint a balance on his salary of $306.25. In defense defendant set up that plaintiff had never entered into any contract of employment with defendant, but that his contract, if any, was with the Arizona Baptist Convention, and that defendant had never agreed to pay plaintiff any salary except such as might be raised by voluntary contributions on the part of the members of the defendant church, and alleged that all such voluntary contributions had been turned over to plaintiff. The

case was tried before the court sitting without a jury, and judgment rendered in favor of plaintiff for the sum of $253.15 and costs, whereupon defendant appealed from the judgment.

There are some six assignments of error which we will consider as seems best. It is, of course, the rule in cases of this nature that we must presume the court made every material finding necessary to support its judgment, and we must further sustain such presumed findings if there is any substantial evidence in the record to support them. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226.

The first two assignments of error go to the insufficiency of the evidence to sustain the judgment. The first question is whether there is evidence to sustain the allegation that plaintiff's contract was with defendant rather than with the Arizona Baptist Convention. On examining the record we are of the opinion such was the only conclusion the trial court could have come to.

The next question is whether or not it appeared that plaintiff had been fully paid the agreed salary. This turns on the point of whether or not the contributions made by the branch church at Gleeson were to be applied entirely on salary, or partly on salary and partly on expenses. The evidence on this point is in conflict, and we are therefore bound to assume that the necessary finding of the trial court on this matter was correct. In our opinion there is sufficient evidence in the record, if believed by the trial judge, as we must assume it was, to sustain the judgment.

The third, fourth and fifth assignments of error go to the admission of certain exhibits in evidence. We do not think it is necessary in this case to determine whether or not they were erroneously admitted. They consist of a judgment previously rendered in another action between the same parties, a

letter from the clerk of the church to the Arizona Baptist Convention, and a minute entry of the church. We have read these three exhibits, and we cannot see where either their admission or rejection could have in any way affected the judgment. On a trial before the court sitting without a jury, even though the evidence be erroneously admitted, it is not ground for a reversal of the case unless the determination of the court was affected by such evidence. *Abernathy* v. *Reynolds,* 8 Ariz. 173, 71 Pac. 914; *Hughes* v. *Cadena De Cobre Mining Co.,* 13 Ariz. 52, 108 Pac. 231; *Shannon Copper Co.* v. *Potter,* 13 Ariz. 245, 108 Pac. 486. The presumption is that the court in its conclusions ignored the erroneous evidence, and the burden is on the objector to show that it was of such a nature as to be likely to affect the vital issues of the case. *Miller* v. *Green,* 3 Ariz. 205, 73 Pac. 399; *Boston & Ariz. S. Co.* v. *Lewis,* 3 Ariz. 5, 20 Pac. 310; *Calif. Dev. Co.* v. *Yuma Valley L. & W. Co.,* 9 Ariz. 366, 84 Pac. 88.

So far as the sixth objection is concerned, that the evidence showed the sums agreed to be paid appellee were contingent upon voluntary subscriptions, the testimony was in conflict, and the necessary finding of the court that there was a specific contract for a fixed and definite salary negatives defendant's theory of voluntary contribution. It appearing that, to sustain its judgment, the trial court must have found a written contract of employment of plaintiff by defendant, and that the sums agreed to be paid by defendant thereunder had not been paid, and that such findings were supported by sufficient legal evidence, the judgment of the trial court is necessarily affirmed.

McALISTER, C. J., and ROSS, J., concur.