[Civil No. 2454. Filed December 6, 1926.]

[250 Pac. 993.]

JOHN FRED HOOVER and CORA HOOVER, Appellants, v. L. L. ODLE, SUSIE ODLE, and LOSON ODLE, Jr., Appellees.

Mr. W. T. Timmons, Mr. Thomas J. Croaff and Mr. Earl Anderson, for Appellants.

Mr. Thomas A. Flynn, Mr. J. W. Faulkner and Mr. James P. Lavin, for Appellees.

LOCKWOOD, J.—John Fred Hoover and Cora Hoover, his wife, hereinafter called plaintiffs, brought suit against L. L. Odle, Susie Odle, his wife, and Loson Odle, Jr., hereinafter called defendants, for the possession of certain real estate located in Gila Bend, Arizona, and for damages for the withholding of the possession from plaintiffs. Defendants answered, setting up, in substance, that they were rightfully in possession under a certain agreement with plaintiffs, whom they admitted to be the holders of the legal title of the premises. The case was tried before the court without a jury, and judgment ren-

dered in favor of defendants. From this judgment the plaintiffs have appealed.

No written findings of fact were filed by the trial court, and therefore, under our familiar doctrine, we are bound to presume that every finding necessary to support the judgment, and which could reasonably be drawn from the evidence, was made. *Thomas* v. *Newcomb*, 26 Ariz. 47, 221 Pac. 226; *Mulrein Plumb. Sup. Co.* v. *Walsh*, 26 Ariz. 152, 222 Pac. 1046; *Roden* v. *Roden*, 29 Ariz. 398, 242 Pac. 337.

The evidence, following this rule, shows the facts to be as follows: In December, 1923, plaintiffs, being the owners of the real estate in question, entered into an agreement with defendant Susie Odle and one J. Meyers, whereby a tourist camp was to be erected upon the premises and operated in connection with a string of tourist camps along the southern highway through California, Arizona and New Mexico. It was agreed that Susie Odle was to supply the money to improve the property, plaintiffs were to furnish the land, and Meyers was to look after the construction and operation of the camp. After deducting from the receipts of operation the necessary costs of running the business, Mrs. Odle was to be reimbursed for all the money she had expended, Hoover was to be paid an agreed price for his property, and thereafter Meyers, Hoover and Mrs. Odle were to have an equal interest in the premises as improved. This agreement was oral, as, although Hoover was frequently requested to put it in writing, it was never done. Mrs. Odle immediately commenced improving the premises, as agreed, and some eleven tourist cottages, a store and a restaurant were built thereon, being practically completed in the month of March, 1924. On the second day of February of that year, defendant L. L. Odle, acting for his wife, went to Hoover and asked him to complete the papers covering their agreement. After some

discussion, Hoover stated that, instead of going ahead along the lines of the oral agreement, he would sell to Mrs. Odle a certain portion of the real estate, being that upon which the improvements had been placed at her expense, for seven thousand dollars. Thereupon the following agreement was written by Hoover and executed by plaintiffs and Mrs. Odle:

"Agreement or Contract.

"This agreement, made this second day of February, A. D. 1924, between John Fred Hoover and Cora Hoover (his wife) of Gila Bend, Arizona, the parties of the first part, and Susie Odle, Yuma, Arizona, the party of the second part, witnesseth: That the said parties of the first part, in consideration of the covenants, promises, and agreements on the part of the said party of the second part, hereinafter contained, hereby covenants, promises and agrees to and with the said party of the second part that the said parties of the first part will sell to the said party of the second part six lots, to wit: 150 feet square and more particularly six lots being on the south half of the west half of block 9, in Gila Bend, Arizona, according to the map and plat of said Gila Bend townsite on file in the office of the recorder of Maricopa county at Phoenix, Arizona.

"It is agreed that the parties of the first part will give good and sufficient deed with warranty clause or pay $10,000 damages.

"And the said party of the second part, in consideration of the said covenants, promises, and agreements on the part of the said parties of the first part, hereinafter contained, covenants, promises, and agrees to and with the said parties of the first part that the said party of the second part will pay unto the said parties of the first part the sum of seven thousand dollars, with interest at the rate of 8 per cent. per annum, on or before February 2nd, 1930.

"It is hereby agreed that the interest will be paid annually and that the first payment of interest is payable February 2nd, 1926.

"And for the true and faithful performance of all and every of the said covenants, promises, and agree-

ments, the said parties to these presents bind themselves, and each unto the other, in the penal sum of all improvements put up now or that may be put on the property, of the United States of America, as fixed, settled, and liquidated damages to be paid by the failing part none to the other, . . . heirs or assigns.

"In witness whereof, the said parties to these premises have hereunto set their hands and seals this 2nd day of February, A. D. 1924.

"J. F. HOOVER.  [Seal.]
"C. HOOVER.   [Seal.]
"SUSIE ODLE.  [Seal.]

"Signed, sealed, and delivered in the presence of Loson L. Odle."

There was a small adobe house standing on the premises covered by the written agreement, which had been erected by plaintiffs some time previous to the oral agreement, and which was then rented. Hoover, in company with Odle, went to the tenants of the adobe house and told them that he had sold the place and that from that time on the rents were to be paid to Mrs. Odle.

Some nine days later Hoover wrote Odle that he understood the latter had collected the rent from the tenants of the adobe house, but that it had not been turned over as per agreement, and asking that Odle send him the money and arrange for it to be paid over each month. Thereafter, and some time in May, plaintiffs forcibly took possession of the premises and held them until the last of July, when they were restored to defendants by virtue of a judgment rendered in an action of forcible entry and detainer brought by Mrs. Odle against the Hoovers.

There are some five assignments of error, but we think there is only one legal proposition which it is necessary for us to determine, and that is whether or not the contract above set forth, when construed in the light of the surrounding circumstances, does,

either expressly or by implication, grant to defendant Susie Odle the right of possession of the premises in question. It is the contention of plaintiffs, and the general rule is not seriously disputed by defendants, that the vendee of property under an executory contract of sale is not entitled to possession of the realty prior to the full performance of the contract on his part, unless the parties have so agreed expressly or by reasonable implication. 39 Cyc. 1620–1622; 27 R. C. L. 549.

It is, of course, apparent that possession is not expressly granted by the written contract. It is maintained by defendants, however, that its terms, by reasonable construction, imply that such possession was to be given. The contract was prepared by plaintiff Hoover and is therefore to be most strongly construed against him. *Paine* v. *Copper Belle Min. Co.*, 13 Ariz. 406, 114 Pac. 964; *Shannon Copper Co.* v. *Potter*, 13 Ariz. 245, 108 Pac. 486.

It is the usual form of purchase and sale, but the provisions, which are claimed by defendants to raise the implication for which they contend, are as follows:

"It is agreed that the parties of the first part will give good and sufficient deed with warranty clause or pay $10,000 damages. . . .

"And for the true and faithful performance of all and every of the said covenants, promises, and agreements the said parties to these presents bind themselves and each unto the other in the penal sum of all improvements put up now or that may be put on the property . . . as fixed, settled, and liquidated damages. . . ."

It appears from the agreement there are two things required to execute it completely; first, the payment by Susie Odle of a certain sum of money to plaintiffs, and second, upon such payment, the execution by the plaintiffs of a good and sufficient deed in her favor.

The parties agreed that, in case plaintiffs failed to do the only thing which they had obligated themselves to do, to wit, to execute a proper deed, they should pay the sum of $10,000 damages, obviously to Mrs. Odle. What, then, is the meaning of the other penalty—the forfeiture of "all improvements put up now or that may be put on the property."

It is not reasonable to believe this latter was meant to apply to a breach by plaintiffs, for, in the first place, the parties had already fixed the penalty for such a breach, to wit, $10,000 damages, and, in the second place, if plaintiffs could not deliver title to the premises, it must be presumed they would not be able to transfer the improvements thereon. We think the second penalty was meant to apply only to a failure of performance by Mrs. Odle.

In such case, what was she to forfeit? Not only the improvements already on the premises, but those "that may be put on the property." This shows plainly further improvements were contemplated, but the written contract is silent as to who was to make them. In such a case, parol evidence of the surrounding circumstances and collateral facts is admissible to throw light on the real intentions of the parties. *Shannon Copper Co.* v. *Potter, supra; Burmister & Sons Co.* v. *Empire G. Min. & Mill. Co.*, 8 Ariz. 158, 71 Pac. 961.

It is apparent the trial court believed from the testimony it was contemplated Mrs. Odle was to complete the improvements. If so, the only reasonable inference to be drawn from the contract is that possession was to be delivered to her at the time it was executed.

This construction of the contract is reasonable, equitable, and in harmony with the facts of the case as they appear in the evidence. A contrary one would require us to assume Mrs. Odle agreed plaintiffs should have the use of some $5,000 of her money

for six years, without compensation, and that, in addition thereto, she would pay them eight per cent interest for that period on $7,000, getting nothing in return until the full time had expired. That she should make an agreement of such a nature is so opposed to common sense and the ordinary actions of mankind that only the most conclusive evidence would justify a finding to that effect.

We are of the opinion that the contract in question, by reasonable implication, gave possession of the premises to defendant Susie Odle as of its date.

There is but one remaining point which needs consideration, and that is the alleged erroneous admission of certain parol agreements and negotiations between plaintiff Hoover and defendants. It is the rule that, even though evidence be erroneously admitted before the trial court sitting without a jury, it will be assumed that the court disregarded such evidence, unless it clearly appears from the findings or the judgment that it was necessarily considered. *Hughes* v. *Cadena De Cobre M. Co.*, 13 Ariz. 52, 108 Pac. 231; *Shannon Copper Co.* v. *Potter, supra; Abernathy* v. *Reynolds,* 8 Ariz. 173, 71 Pac. 914.

The only evidence of parol agreements and negotiations which was necessary to support the judgment was properly admitted, and we therefore need not pass upon the question as to whether or not any of it should have been excluded. For the foregoing reasons, the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.